IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AREA WIDE DIRECTORY COMPANY, | § § | |
| Plaintiff, | § § | |
| | § | CASE NO. 4:06cv392 |
| v. | § § | |
| MY LONESTAR PAGES, INC., | § § | |
| | § | |
| Defendant. | § | |

## ORDER

Now before the Court is Defendant's First Amended Motion for Attorney's Fees (Dkt. 53). For the reasons set forth below, the motion is denied.

Defendant argues that it is entitled to an award of attorney's fees under the Copyright Act, 17 U.S.C. §505, because this Court dismissed Plaintiff's case, making Defendant the prevailing party. An award of attorney's fees to a prevailing party under 17 U.S.C. §505 is a matter solely within the court's discretion. *Central Point Software, Inc. v. Nugent*, 903 F. Supp. 1057, 1061 (E.D. Tex.1995). In this case, the Court finds that no attorney's fees should be awarded because Defendant cannot be treated as a prevailing party under the Copyright Act. Here, the court dismissed Plaintiff's case, *without prejudice*, for failure to properly serve Defendant. The dismissal was not a result of any adjudication on the merits of Plaintiff's claims.

A party's success on a claim that is "purely technical or *de minimus*" does not qualify it as a prevailing party for purpose of a statutory attorney's fee award. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1494, 103 L. Ed.2d 866 (1989); *see also National Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F.2d 478, 489 n.

12 (7th Cir. 1982). Therefore, there is no basis for an award of fees, and Defendant's motion is denied.

    **IT IS SO ORDERED.**

    **SIGNED this the 22nd day of August, 2007.**

    */s/ Richard A. Schell*
    RICHARD A. SCHELL
    UNITED STATES DISTRICT JUDGE