IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AREA WIDE DIRECTORY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:06cv392 |
| v. | § | |
| | § | |
| MY LONESTAR PAGES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND MOTION TO AMEND FINAL JUDGMENT**

On this day came on for consideration Plaintiff's Motion for New Trial or, in the Alternative, Motion to Amend or Alter Final Judgment (Dkt. 52). Having considered the motion, the court is of the opinion that it should be denied.

Plaintiff Area Wide Directory Company filed this suit against Defendant My Lonestar Pages, Inc. on September 22, 2006. On June 6, 2007, the Magistrate Judge assigned to this cause entered a report and recommendation to grant Defendant's motion to dismiss, because Defendant had never been properly served with the suit (Dkt. 44). On June 27, 2007, this court entered an order adopting the Magistrate Judge's ruling (Dkt. 50). A final judgment dismissing the case without prejudice was entered on the same date (Dkt. 51).

Plaintiff seeks a new trial, or in the alternative an amended final judgment, under Rule 59 of the Federal Rules of Civil Procedure. Plaintiff argues that its introduction of proof of service on Defendant constitutes new evidence that was not before the court at the time the case was dismissed. Plaintiff's motion fails to address the actual basis of the dismissal.

The court dismissed this case based on improper service under Federal Rule of Procedure 4. Under this rule, Plaintiff could have effected service under state or federal law. *See* FED. R. CIV. P. 4(e)(1). When the party being served is a corporation, both the Texas and Federal Rules of Civil Procedure require service to be made upon designated individuals who are authorized to accept service of process on behalf of the corporation. *See* FED. R. CIV. P. 4(h)(1); TEX. BUS. CORP. ACT art. 2.11(A). Under the federal rules, service of process upon a corporation must be made upon "an officer, a managing or general agent, or ... any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Similarly, Texas allows service of process on "[t]he president and all vice presidents of the corporation and the registered agent of the corporation." TEX. BUS. CORP. ACT art. 2.11(A).

Although Plaintiff has offered a copy of its return of service showing the suit was served, Plaintiff has still not shown that service on Defendant here was proper. Indeed, the evidence before the court indicates that service here – by a courier to an unidentified recipient (if there was one) at Defendant's office – was improper. There is no new evidence showing that it was delivered to an officer of the company, its registered agent, or any person authorized to accept service on its behalf.

Plaintiff has, therefore, offered no evidence whatsoever showing that Defendant was properly served within 120 days of filing suit. Moreover, the court is only required to extend the 120-day period upon a showing of good cause for the failure of service, and Plaintiff has failed to demonstrate why good cause exists to extend the time period to properly serve the complaint on an officer or agent of the defendant corporation. FED. R. CIV. P. 4(m); *Hunt v. Smith*, 67 F. Supp.2d 675, 684-85 (E.D. Tex.1999). Without a showing of good cause, the case was properly dismissed under Federal Rule of Civil Procedure 4(m), and Plaintiff has not offered any new evidence to show why such a

dismissal should be amended or overruled. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Plaintiff's motion is, therefore, denied.

    **IT IS SO ORDERED.**

    **SIGNED this the 22nd day of August, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE